IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM LONG HALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Court No. 08 C 353 |
| v. | ) |
| | ) Judge Joan H. Lefkow |
| GOVERNOR OF ILLINOIS, *et al.,* | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT GOVERNOR BLAGOJEVICH'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND ALTERNATIVE
MOTION TO QUASH SERVICE**

Defendant, Rod R. Blagojevich, Governor of the State of Illinois, by his attorney, LISA MADIGAN, Illinois Attorney General, hereby moves this Honorable Court to dismiss Plaintiff's Complaint against him pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, Defendant Governor Blagojevich moves this Court to enter an order quashing the service of process purportedly made on him. In further thereof, Defendant Governor Blagojevich states as follows:

**INTRODUCTION**

1. On January 16, 2008 *pro se* Plaintiff William Hale filed the instant action against Defendant Governor Blagojevich and the "Chief Judge of the Everett McKinley Dirksen Courthouse" alleging, *inter alia,* violations of his right to assemble under the First Amendment to the United States Constitution. (Complaint pg. 1.)

2. Plaintiff's Complaint contains several confusing claims, none of which articulate a federal cause of action. Specifically, Plaintiff alleges that he "wanted to use the CTA to assemble, but the Defendant proposed to cut stops," that he wanted to talk

with the Defendant about this, but the Defendant required he show a "graven image" to enter to do so.  Plaintiff states that he thinks he has the right "to not show any graven or engraven [sic] image to access a public government office, or to move in the public right of way because no law shall be made establishing a religion…but instead, impersonal scientific means like magnometers [sic], puff machines, biologic swab sticks, latex glove-pat down searches, voice prints (provided the database is secure and erased if no match found)-likewise DHS prints are acceptable because they prevent Lisa Nowick [sic], Nasa Astronaut precedent, invasions of privacy, family, and business itineraries, contracts and bids."  (Complaint pg. 1-3.)

       3.      Plaintiff's requests for injunctive relief are equally confusing.  Plaintiff states that he wants the Court to order the Defendant(s) to travel with him to "TaTa Motors" in India to inspect "[t]heAirCar.com-the French compressed air car technology…due to be brought into production this year towards the goal of CTA compressed air powered busses and/or a CTA compressed air car fleet as per zip car rentals…"  Plaintiff further requests that the Defendant(s) travel to Australia to inspect a similar, lighter engine, present a budget to the Court for "migration to compressed air CTA", and that they "cease and desist" from requiring "graven or engraven images to access the public offices and right of way's of the Defendants and instead require only impersonal, scientific, welcome screenings as has always been done at the United States Senate and House of Representatives, White House, and Supreme Court where no I.D. is required to enter…"  (Complaint, pg. 4-5.)

**STANDARD FOR DISMISSAL**

4. Plaintiff's Complaint must be dismissed for failure to state a claim. When ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under Federal Rule of Civil Procedure 8. Rule 8 states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

5. In a recent opinion, the Supreme Court held that Rule 8 requires that a complaint allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion. *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1974 (2007). In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' " by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do...." *Id.* at 1964-65 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

6. The Seventh Circuit has read the *Bell Atlantic* decision to impose "two easy-to-clear hurdles: first, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads himself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 2007 WL 2215764 * 2 (7th Cir. 2007) (citations omitted).

**ARGUMENT**

I. **PLAINTIFF'S CLAIMS AGAINST DEFENDANT GOVERNOR BLAGOJEVICH MUST BE DISMISSED.**

7. Plaintiff's claims against Defendant Governor Blagojevich must be dismissed because Plaintiff has failed to establish that any of his constitutional rights were violated or that Governor Blagojevich violated any federal law. Plaintiff fails to demonstrate how Defendant Governor Blagojevich's alleged proposal to "cut stops" violated his First Amendment right to assemble. Likewise, to the extent that Plaintiff's complaint that he is required to display a "graven image" in order to access a government office refers to the requirement that individuals wishing to access Governor Blagojevich's office display a photo id, this does not constitute a violation of Plaintiff's constitutional rights.

8. Moreover, Plaintiff's requested relief is for this Court to order Defendant Blagojevich to travel to India and Australia to inspect some sort of new technology and to present a budget to the Court. This would require the issuance of a writ of mandamus to which Plaintiff is clearly not entitled.

9. Mandamus is an extraordinary remedy meant to compel the performance of a public official's nondiscretionary ministerial duty where the petitioner has established a clear and indisputable right to issuance of the writ. *See Will v. United States*, 389 U.S. 90 (1967). "A party seeking a writ of mandamus shoulders the burden of showing that a right to relief is clear and undisputable." *Banks v. Secretart of the Ind. Family and Social Serv. Admin.,* 997 F.2d 231, 244 (7th Cir. 1993). As such, the Seventh Circuit has explained that this means that "mandamus jurisdiction is only available under

4

exceptional circumstances of clear illegality." *Id.* (Internal quotations omitted.); *Allgood v. City of Chicago,* 2006 WL 2682302 * 4 (N.D. Ill. 2006).

10. Here, Plaintiff is not entitled to mandamus relief because he does not have a "clear an indisputable right" to enter a public building without showing identification and there is no clear illegality with a requirement that one do so. As such, his claims against Defendant Governor Blagojevich must be dismissed.

11. Finally, Plaintiff also asks that this Court order Defendant Governor Blagojevich to "cease and desist from requiring graven and engraven [sic] images to access the public offices." To be entitled to such injunctive relief, a plaintiff must establish that he "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02. Here, Plaintiff has not established that he is in any danger of sustaining any injury as a result of being required to show a photo id in order to access the office of Defendant Governor Blagojevich. Accordingly, Plaintiff's claims for injunctive relief must be dismissed with prejudice.

## II. DEFENDANT GOVERNOR BLAGOJEVICH HAS NOT BEEN PROPERLY SERVED.

12. In the alternative, in the event the Court determines that dismissal is not warranted in this matter, the purported service on Defendant Governor Blagojevich should be quashed.

13. On January 18, 2008, Plaintiff filed a Return of Service indicating that he served Defendant Governor Blagojevich by U.S.P.S. Certified Mail only. (Dkt. No. 7.)

14. Pursuant to Federal Rule of Civil Procedure ("Rule") 4(e), service upon an individual within a judicial district of the United States may be effectuated:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or

> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

15. In Illinois, the state in which this district is located and in which the service was attempted, the rule governing service on individuals is consistent with Rule 4(e)(2) for all material purposes pertinent to this motion. *See* 735 ILCS 5/2-203.

16. Alternatively, under Rule 4(d), a plaintiff may also notify a defendant of the commencement of an action and request that the defendant waive service of a summons. Fed.R.Civ.P. 4(d).

17. Here, Plaintiff did not personally deliver a copy of the summons and complaint to Defendant Governor Blagojevich's office or issue a request for waiver of service. Instead, Plaintiff only sent him a copy of the summons and complaint by certified mail only.

18. Case law holds that sending the summons and complaint by mail, certified or otherwise, does not satisfy the requirement to "deliver" as set forth in Rule 4(e)(2). *See Dummars v. City of Chicago,* 22 F.Supp.2d 777, 781 (N.D. Ill. 1998); *Miles v. WTMX Radio Network,* 2002 WL 1359398 * 2 (N.D. Ill. 2002).

19.     Accordingly, the purported service of process on Defendant Governor Blagojevich must be quashed for Plaintiff's failure to comply with Rule 4(e) or 4(d).

WHEREFORE, for the foregoing reasons, Defendant Governor Blagojevich respectfully requests that this Honorable Court dismiss Plaintiff's claims against him pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure with prejudice and in their entirety. In the alternative, Defendant Governor Blagojevich respectfully requests that this Honorable Court enter an order quashing the purported service upon him pursuant to Rule 4(e), and for any other appropriate relief.

LISA MADIGAN
Illinois Attorney General                                              Respectfully submitted,

/s/ Kathleen L. Ford
KATHLEEN L. FORD
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-5160