# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM LONG HALE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 08 C 353** |
| | ) | **Judge Joan H. Lefkow** |
| **GOVERNOR OF THE GREAT AND FRESH** | ) | |
| **WATER STATE OF ILLINOIS and THE** | ) | |
| **CHIEF JUDGE OF THE EVERETT** | ) | |
| **McKINLEY DIRKSEN COURTHOUSE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DECISION

William Long Hale ("plaintiff") has filed a *pro se* handwritten complaint naming the "Governor of the Great and Fresh Water State of Illinois" and the "Chief Judge of the Evert [*sic*] McKinley Dirksen Court House" as defendants. As the court interprets the rather incomprehensible complaint, the allegations are these (parentheticals contain the court's inferences): (1) plaintiff wanted to use the Chicago Transit Authority to assemble, but "the defendant proposed to cut stops"; (2) plaintiff wanted to talk to the defendant (the Governor) about this, but he was not allowed to enter (the Governor's office building) unless he showed a "graven image" (photo ID); (3) plaintiff then went to see the defendant Chief Judge, but again he was not allowed entry without displaying a graven image (photo ID). Plaintiff alleges this is a violation of his right to "assemble" and an establishment of religion. *See* U.S. Const. Amend. I ("Congress shall make no law . . . prohibiting the free exercise [of religion]; or abridging . . . the right of the people peaceably to assemble, and to petition the Government for a redress of

grievances."). Other allegations recite that plaintiff does not object to various security procedures such as magnetometers, searches of the person via pat downs, biologic swabs, voice prints, and DNA prints. He states that "[t]he government does not have the right to know where we are—only that we meet reasonable welcoming criteria."

As a remedy, plaintiff wants the court to order the defendants to travel with him to "TaTa Motors" in India to inspect "[t]he AirCar.com," which he describes as French technology relating to buses and car fleets. Plaintiff further requests that the defendants travel to Australia to inspect a similar, lighter engine and that they cease and desist from requiring graven images in order to access public offices and rights of way of the defendants and instead require only impersonal, scientific, welcome screenings such as is (allegedly) the case in the houses of the United States Congress and Supreme Court.

Return of service has not been made as to either defendant, but Governor Rod Blagojevich (herein "the Governor") has moved to dismiss for failure to state a claim upon which relief may be granted and for lack of jurisdiction over the person based on improper service. Concerning the pleading, the Governor first contends that the complaint fails to satisfy the pleading requirements of Rule 8 as interpreted in *Bell Atlantic Corp.* v. *Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

Inasmuch as the Chief Judge has not been served, the court will also determine its own subject matter jurisdiction with respect to whether the complaint is frivolous as to the Chief Judge. *See Cook* v. *Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) ("The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (internal quotation

marks and citations omitted); *Ricketts* v. *Midwest Nat'l Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit.") (internal quotation marks and citations omitted). In this regard, the court must first "assess the substantiality of the constitutional or federal statutory allegations of the complaint to determine whether they are . . . 'wholly insubstantial and frivolous.'" *Id.* at 1181–82 (quoting *Bell* v. *Hood*, 327 U.S. 678, 681–82, 66 S. Ct. 773, 90 L. Ed. 939 (1946)). If this condition exists, then the complaint must be dismissed for want of subject matter jurisdiction. *Id.* at 1182. To be "wholly insubstantial and frivolous," however, the court must find the case "absolutely devoid of merit" or "no longer open to discussion." *Id.* at 1182 (quoting *Hagans* v. *Lavine*, 415 U.S. 528, 536–39, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)). A frivolous complaint is one in which "the petitioner can make no rational argument in law or facts to support his or her claim for relief." *Williams* v. *Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988), *aff'd sub nom Neitzke* v. *Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (internal quotation marks omitted).

     *Bell Atlantic* revisited, in the context of pleading an antitrust claim, Federal Rule of Civil Procedure 8(a)(2) and the doctrine that a complaint need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" 127 S. Ct. at 1964 (quoting *Conley* v. *Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Under *Bell Atlantic*, a complaint must state enough facts to state a claim to relief that is plausible on its face. *Id.* at 1974. In the context of a *pro se* complaint, however, the Court adheres to the view that a *pro se* complaint must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson* v. *Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

The three necessary elements of a complaint as set out in Rule 8(a) are "a short and plain statement" of (1) the grounds for jurisdiction, (2) the claim showing the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  Although this complaint does not explicitly invoke the court's jurisdiction, to the extent plaintiff seeks redress for violation of a constitutional right to free exercise of religion and assembly, he is in the right court house, as a person claiming deprivation of a constitutional right may sue the Governor under 42 U.S.C. § 1983 and a federal official under *Bivens* v. *Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).  Assuming a non-frivolous complaint, the court's jurisdiction would rest in 28 U.S.C. §§ 1331(a) and 1343.

In order to state a claim under § 1983, a plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States and that the defendants acted under color of state law.  *Brokaw* v. *Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000). (The requirements for a *Bivens* action are, for purposes here, identical other than the defendant would have acted under color of federal law.)  "[I]n order for liability to attach under § 1983, an individual must have personally caused or participated in the alleged constitutional deprivation." *Harper* v. *Albert*, 400 F.3d 1052, 1062 (7th Cir. 2005) (internal quotation marks and citation omitted).  Plaintiff's complaint contains no allegation or permissible inference that either the Governor or the Chief Judge participated in any manner in preventing the plaintiff's access to their respective offices.  Rather, plaintiff merely alleges a desire and intention to visit the respective defendants.  This factor alone dooms this complaint.

In case the plaintiff should endeavor to file an amended complaint in which he names a person who is responsible for the photo ID requirement in the respective office buildings of these

defendants, the court addresses briefly the substantive allegations in this complaint of deprivation of a constitutional right.  Distilled, the only possibly viable issue is whether the requirement of a photo ID for entry into a public building unconstitutionally impinges on plaintiff's free exercise of his religious beliefs.[1]  The requirement of photo identification has been the subject of litigation in the context of driver licensing.  *See, e.g.*, *Bureau of Motor Vehicles* v. *Pentecostal House of Prayer, Inc.*, 269 Ind. 361, 380 N.E.2d 1225 (1978) (injunction proper where Amish religious group's objection to Indiana statute requiring driver's license to bear photograph of licensee for identification purposes was rooted in religious beliefs,[2] the free exercise of which would be impinged by enforcement of statute, and that state's interest in photograph requirement was not so compelling as to outweigh infringement on group's rights). Plaintiff does not allege that he is a member of a religious group, such as the Amish, that adheres to the belief that a photograph of oneself is a prohibited graven image or that he as an individual so believes and practices, but this does not seem to be necessary.[3]  This being said, plaintiff does

---

[1] Plaintiff allegation that the Governor's proposal to cut transit stops interferes with his right to assemble is nonsensical.

[2] "Thou shalt not make thee any graven images, or any likeness of any thing that is in heaven above, or that is in the earth beneath, or that is in the water underneath the earth: thou shall not bow down thyself to them, nor serve them: for I the LORD thy God am a jealous God, visiting the iniquity of the fathers upon the children unto the third and fourth generation of them that hate me."  THE HOLY BIBLE, King James version, Deut. 5:8–9.

[3] A cursory review of free exercise cases suggests that adherence to a religious group or sect is typical of such claims for relief, but, at the same time, the courts acknowledge that "free exercise" is based in individual conscience not adherence to recognized theological tenets.  *See Gillette* v. *United States*, 401 U.S. 437, 465–66, 91 S. Ct. 828, 28 L. Ed. 2d 168 (1971) (dissenting opinion) ("[Although] the First Amendment speaks of the free exercise of religion, not of the free exercise of conscience or belief . . . conscience and belief are the main ingredients of First Amendment rights.  They are the bedrock of free speech as well as religion.").  This stance stems in part from the requirement that government be neutral among religions, not favoring one over another.  A court is not well-equipped to evaluate the sincerity or validity of an individual's beliefs.  *See id.* at 450 ("And as a general matter it is

(continued...)

not even allege that he was unable to produce a photo ID upon entry to a government building as a result of an earlier refusal to have his photograph taken based on his conscience or moral conviction.  Without a glimmer of substantiality to plaintiff's claim of religious scruples, the complaint must be viewed as frivolous and therefore the court must dismiss for lack of jurisdiction on this basis as well.

Finally, as to plaintiff's claim for relief, his request that the defendants be ordered to make an overseas trip with him is beyond the scope of any relief that this court could order.  If plaintiff's purpose in filing the law suit is to seek an affirmative injunction for the defendant officials to travel with him, it is clear that he could prove no set of facts that would entitle him to such relief.  Plaintiff also seeks, however, that the defendants cease and desist from the photo ID requirement, in essence, an injunction.  This relief is within the court's power.

For these reasons, the Governor's motion to dismiss is granted and the court on its own motion dismisses the complaint against the Chief Judge because it is frivolous.  The complaint is dismissed without prejudice to filing by March 15, 2008 an amended complaint should plaintiff be able in good faith to allege that a defendant personally interfered with his free exercise of religion as explained above.[4]

If plaintiff wishes to consider filing an amended complaint, he is advised to contact the Help Desk located in the Office of the Clerk for further counsel as to how he might draft such a

---

[3](...continued)
surely true that the Establishment Clause prohibits government from abandoning secular purposes in order to put an imprimatur on one religion, or on religion as such, or to favor the adherents of any sect or religious organization.").

[4]Inasmuch as the Governor has not been shown to have participated in any potential violation of plaintiff's rights, the Governor's motion based on lack of service is moot.

complaint. The Help Desk is located in Room 2056A; hours are M-F, morning and early

afternoon by appointment only. Appointments can be made at the Clerk's Office Intake Desk on

the 20th floor or by calling 312/435-5691.

ENTER:


Dated: February 12, 2008

_____
JOAN HUMPHREY LEFKOW
United States District Judge